1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

9
10

JEANETTA E. ROTH, Personal Representative
for the Estate of Robert A. Roth,

NO.

11

Plaintiff,

NOTICE OF REMOVAL FROM
STATE COURT UNDER 28 USC
§§ 1332, 1441, AND 1446

12

v.

13

ASBESTOS CORPORATION, LTD., et al.,

Multnomah County Cause No. 1204-
05006

14

Defendants.

15
16

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF OREGON:

17
18

PLEASE TAKE NOTICE that Defendants General Electric Company (hereinafter

19

"GE"), and CBS Corporation, a Delaware corporation, f/k/a Viacom, Inc., successor by merger

20

to CBS Corporation, a Pennsylvania corporation, f/k/a Westinghouse Electric Corporation

(hereinafter "CBS"), hereby remove this civil action to the United States District Court for the

21

District of Oregon from the Circuit Court of the State of Oregon in and for the County of

22

Multnomah pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, whereby this Court has subject

23

matter jurisdiction because of diversity of citizenship of the parties.  The grounds for removal

24

are more particularly stated as follows:

25

NOTICE OF REMOVAL FROM STATE COURT UNDER 28 USC
§§ 1332, 1441, AND 1446 - 1

**Sedgwick, LLP**
520 Pike Tower, 520 Pike St, Ste. 2200
Seattle, WA  98101
(206) 462-7560

1.    The above-entitled action was commenced in the Circuit Court of the State of Oregon in and for the County of Multnomah, on April 30, 2012.  Plaintiff filed this lawsuit against GE, CBS, and 22 other parties, based on the allegation that Mr. Roth was exposed to asbestos from one or more of the Defendants' products.

2.    On January 17, 2013, Plaintiff filed her First Amended Complaint, in which Plaintiff identified only nine defendants: (1) Fraser's Boiler Service, Inc.; (2) General Electric Company; (3) Hopeman Brothers, Inc.; (4) Ingersoll-Rand Company; (5) Kaiser Gypsum Company, Inc.; (6) Mar-Dustrial Sales, Inc.; (7) Metropolitan Life Insurance Company; (8) Owens-Illinois, Inc.; and (9) Viacom, Inc. (CBS).[1]

3.    The only remaining Oregon defendant was Mar-Dustrial Sales, Inc., which settled with Plaintiff on February 4, 2013.[2]  As demonstrated below, all other defendants, except GE and CBS (Viacom), have settled with the Plaintiff, and GE and CBS both consent to removal of this case:

    a.    Defendant Fraser's Boiler Service settled with Plaintiff on or about February 4, 2013;[3]

    b.    Defendant General Electric Company consents to removal of this case;[4]

    c.    Defendant Hopeman Brothers, Inc. settled with Plaintiff on or about February 5, 2013;[5]

    d.    Defendant Ingersoll-Rand Company settled with Plaintiff on or about January 31, 2013;[6]

---

[1] See Plaintiff's First Amended Complaint as Ex. 1 to Declaration of Eliot M. Harris ("Harris Decl.").
[2] See Email from Plaintiff's counsel to Court RE: Settlement with Defendants Mar-Dustrial Sales, Inc. and Fraser's Boiler Service dated February 4, 2013, as Ex. 2 to Harris Decl.
[3] Id.
[4] See Harris Decl.
[5] See Email from Plaintiff's counsel to Court RE: Settlement with Defendants Hopeman Brothers dated February 5, 2013, as Ex. 3 to Harris Decl.
[6] See Email from Counsel for Ingersoll-Rand to Court RE: Settlement with Plaintiff dated January 31, 2013, as Ex. 4 to Harris Decl.

e.  Defendant Kaiser Gypsum settled with Plaintiff on or about January 22, 2013;[7]

f.  Defendant Mar-Dustrial Sales, Inc. settled with Plaintiff on or about February 4, 2013;[8]

g.  Defendant Metropolitan Life Insurance Company settled with Plaintiff on or about January 21, 2013;[9]

h.  Defendant Owens-Illinois, Inc. settled with Plaintiff on or about January 23, 2013;[10]

i.  Defendant Viacom, Inc. consents to removal.[11]

4.  There are only two defendants remaining and both are foreign corporations. GE is a New York corporation and CBS is a Delaware corporation. All remaining, non-settled defendants consent to the removal of this action under 28 U.S.C. § 1446(b).[12] The consent of a settled defendant is not required under *Estate of Martineau v. Arco Chemical Corp.*, 203 F.3d 904, 910-12 (5th Cir.2000).

5.  This Notice of Removal is being filed within thirty days after GE and CBS received notice of Plaintiff's settlement with the last remaining Oregon defendant under 28 U.S.C. §1446(b). It has been less than one year since the commencement of this action.

6.  As recognized in *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68-69 (1996), cases that are not originally removable may become removable at a later date; for instance, by reason of the dismissal of a nondiverse party.

7.  This case is removable under the authority cited above.

---

[7] See Letter from Plaintiff's counsel to Court RE: Settlement with Defendant Kaiser Gypsum dated January 22, 2013, as Ex. 5 to Harris Decl.
[8] See Ex. 2 to Harris Decl.
[9] See Harris Decl.
[10] See Email from Counsel for Owens-Illinois to Court RE: Settlement with Plaintiff dated January 23, 2013, as Ex. 6 to Harris Decl.
[11] Id.
[12] *Westwood Apex v. Contreras*, 644 F.3d 799, 806 (9th Cir 2011).

NOTICE OF REMOVAL FROM STATE COURT UNDER 28 USC §§ 1332, 1441, AND 1446 - 3

Sedgwick, LLP
520 Pike Tower, 520 Pike St, Ste. 2200
Seattle, WA  98101
(206) 462-7560

1        8.    GE and CBS will arrange for copies of all State Court records and proceedings

2    as required by 28 U.S.C. § 1447(b) upon the Court's request.

3        9.    Immediately upon filing of this Notice of Removal, GE and CBS will file a

4    copy of the Notice of Removal with the Clerk of the Multnomah County Circuit Court, and

5    will provide written notice to counsel for Plaintiff and any other Defendant(s) in accordance

6    with 28 U.S.C. § 1446(d).

7        10.    By seeking removal, GE and CBS do not waive any defenses, including, but not

8    limited to, lack of personal jurisdiction, insufficiency of process, or service of process.

9        WHEREFORE, GE and CBS respectfully requests that this action now pending in the

10   Multnomah County Circuit Court be removed to this Court and that further proceedings be

11   conducted in this Court as provided by law.

12

13       Respectfully submitted this 6th day of February, 2013.

14

15       s/Eliot M. Harris, OSB #116968

16       Christopher S. Marks, OSB #022052
         Attorneys for Defendants General Electric
         Company and CBS Corporation

17       SEDGWICK LLP
         520 Pike Street, Suite 2200

18       Seattle, WA 98101
         Telephone:  (206) 462-7560

19       Email: Chris.Marks@sedgwicklaw.com
         Email: Eliot.Harris@sedgwicklaw.com

20

21

22

23

24

25

**Sedgwick, LLP**
520 Pike Tower, 520 Pike St, Ste. 2200
Seattle, WA  98101
(206) 462-7560

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of February, 2013, I served a true and correct copy of the foregoing document on the following persons by e-mail, or U.S. Mail, First Class postage prepaid, or in another manner as indicated below:

**Via E-Mail and Legal Messenger:**
Jeffrey S. Mutnick
LAW OFFICE OF JEFFREY S. MUTNICK
737 SW Vista Avenue
Portland, OR 97205
*Attorneys for Plaintiffs*

Signed at Seattle, Washington this 6th day of February, 2013.

s/Eliot M. Harris, OSB #116968
Christopher S. Marks, OSB #022052
Attorneys for Defendants General Electric
Company and CBS Corporation
SEDGWICK LLP
520 Pike Street, Suite 2200
Seattle, WA 98101
Telephone: (206) 462-7560
Email: Chris.Marks@sedgwicklaw.com
Email: Eliot.Harris@sedgwicklaw.com

NOTICE OF REMOVAL FROM STATE COURT UNDER 28 USC
§§ 1332, 1441, AND 1446 - 5

Sedgwick, LLP
520 Pike Tower, 520 Pike St, Ste. 2200
Seattle, WA 98101
(206) 462-7560